Margaret A. McLetchie, NBN 10931
Matthew J. Rashbrook, NBN 12477
MCLETCHIE SHELL LLC
616 South Eighth Street
Las Vegas, NV 89101
Telephone: (702)728-5300

Jennifer L. Braster, NBN 9982
NAYLOR & BRASTER
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
Telephone (702) 420-7000
*Attorneys for Plaintiffs*

Robert W. Freeman, Jr., NBN 3062
Gregory S. Bean, NBN 12694
LEWIS BRISBOIS BISGAARD & SMITH
6385 S. Rainbow, Suite 600
Las Vegas, NV 89118
Telephone: (702) 893-3383
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS WALKER, an individual, and CATHY CATALDO, an individual<br><br><br>Plaintiff,<br><br>vs.<br><br>NORTH LAS VEGAS POLICE DEPARTMENT, OFFICER PAUL MAALOUF, individually and in his official capacity as a North Las Vegas Police Department Officer, OFFICER TRAVIS SNYDER, individually and in his official capacity as a North Las Vegas Police Department Officer,<br><br>Defendants. | **Case. No.: 2:14-cv-01475-JAD-NJK**<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**<br>As amended, pages 7-8. |

1

The parties to this action, by their respective counsel, having agreed to the following, and for good cause shown, IT IS HEREBY ORDERED as follows:

## 1.   PURPOSED AND LIMITATIONS.

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under law to treatment as confidential.

## 2.   SCOPE.

All documents produced in the course of discovery, all responses to discovery requests, and all deposition testimony and exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") shall be subject to this stipulated protective order concerning confidential information as set forth below. Any party, or any third party who produces documents in this litigation, may designate documents as CONFIDENTIAL but only after review of the documents by an attorney who has, in good faith, determined that the documents contain "Confidential Information," as defined below, and pursuant to the procedure set forth below.

## 3.   CONFIDENTIAL INFORMATION.

"Confidential Information" shall mean information meriting special protection under the Federal Rules of Civil Procedure. Confidential Information does not include information that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain through no fault of the Receiving Party; (c) the Receiving Party can show was in its rightful and lawful possession at the time of disclosure; or (d) the Receiving Party lawfully receives from a Non-party later without restriction as to disclosure.

## 4.   OTHER DEFINITIONS.

Party: any party to this action and attorney(s) of record for a Party in this action

2

(including their associates, paralegals, and support/ clerical staff).

Non-party: any individual, corporation, association, or natural person or entity other than a party.

Protected Material: any disclosure or discovery material that is designated by a Party or Non-party as "CONFIDENTIAL," unless the Receiving Party challenges the confidentiality designation and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply the Court for an order designating the material confidential within the time period specified below; or (c) the Designating Party withdraws its confidentiality designation in writing.

Producing Party: a Party or Non-party that produces disclosures or discovery material in this action.

Receiving Party: a Party that receives disclosures or discovery material from a Producing Party.

Designating Party: a Party of Non-party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material. The Party or Non-party designating information or items as Protected Material bears the burden of establishing good cause for the confidentiality of all such items.

Challenging Party: a party that elects to initiate a challenge to a Designating Party's confidentiality designation.

Confidentiality Log: a Confidentiality Log must accompany any production of documents designated as "CONFIDENTIAL" that includes the Bates numbers of the documents designated (or the portions thereof) as "CONFIDENTIAL" and the basis for doing so. Each Producing Party shall keep this log cumulatively and re-produce it every time they designate something as "CONFIDENTIAL" so that it is a cumulative record of what the party has marked "CONFIDENTIAL."

**5.**     **FORM AND TIMING OF DESIGNATION.**

Protected Material shall be so designated by the Producing Party by placing or

3

affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the "CONFIDENTIAL" designation. A Confidentiality Log must accompany any production of Protected Material that includes the Bates numbers of the documents designated (or the portions thereof) as "CONFIDENTIAL" and the basis for doing so. Documents shall be designated "CONFIDENTIAL" prior to, or contemporaneously with, the production or disclosure of the documents. The designation of documents as "CONFIDENTIAL" shall be accompanied with a Confidentiality Log in the form included at Exhibit A.

A Designating Party must exercise restraint and make good faith efforts to limit CONFIDENTIAL designations to specific materials that qualify for protection under the appropriate standard. Further, a Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If only a portion or portions of materials on a page or within a document merit protection, a Producing Party must so indicate by making appropriate markings in the margins but not over text. The accompanying log should clearly explain which portion is designated as CONFIDENTIAL. (A Receiving Party may redact the document to allow for disclosure of the document without the CONFIDENTIAL portions.)

Portions of depositions shall be deemed CONFIDENTIAL only if designated as such when the deposition is taken or within fourteen business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected and, if made by a Party, shall be accompanied with a log on the form attached hereto as Exhibit A. A Designating Party must exercise restraint and make good faith efforts to limit "CONFIDENTIAL" designations to specific materials that qualify for protection under the appropriate standards.

Inadvertent or unintentional production of Protected Material without prior

4

designation as "CONFIDENTIAL" shall not be deemed a waiver, in whole or in part, of the right to designate documents as Protected Material as otherwise allowed by this Order. Further, a Party may assert that disclosures or discovery material produced by another Party constitute Protected Material by informing the opposing Party by following the procedures set forth herein for a Designated Party.

**6.        PROTECTION OF PROTECTED MATERIAL.**

        **a. General Protections.** Protected Material shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 6.b.) for any purposes whatsoever other than preparing for and conducting litigation (including any appeal).

        **b. Qualified Receiving Parties and Limited Third Party Disclosures.** Protected Material shall be held in confidence by each qualified Receiving Party to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a qualified recipient. All Protected Material shall be carefully maintained so as to preclude access by persons who are not qualified Receiving Parties.

        Subject to these  requirements, in addition to Parties and the Court, the following categories of persons may be allowed to review Protected Material pursuant to this Order after executing an acknowledgment (in  the form set forth at Exhibit B hereto), that he or she has read and  understands the terms of this Order and is bound by it:

    (1) Any officers, directors, or designated employees of a Party deemed necessary by counsel of record in this action to aid in the prosecution, defense, or settlement of this action;

    (2) Professional outside vendors for attorneys of record (such as copying services and translators and interpreters), but only

    (3) Deposition notaries and staff;

    (4) The author of any document designated as CONFIDENTIAL or the original source of Confidential Information contained therein;

5

(5) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(6) Deponents during the course of their depositions;

(7) Counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or indemnify or reimburse payments or costs associated with these proceedings;

(8) Any private mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel;

(9) Any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

**c**. **Control of Documents.** Counsel for Parties shall take reasonable efforts to prevent unauthorized disclosure of Protected Material pursuant to the terms of this Order. No copies of Protected Material shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action.

**d. Copies.** Any person making copies of Protected Material shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order. All copies shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

**7.   UNAUTHORIZED DISCLOSURE.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

6

copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit B).

8. **FILING OF PROTECTED MATERIALS; PROTECTED MATERIALS IN COURT.** See order issued concurrently herewith.

~~Subject to the Federal Rules of Evidence, Protected Material may be filed with the Court or offered in evidence or hearing or trial of this case. This Order does not seal court records in this case or apply to disclosure of Protected Material at trial. Further, the parties understand that documents may be filed under seal only with the permission of the Court after proper motion. Further, the fact that documents have been designated as "CONFIDENTIAL" shall not be admissible evidence that the documents in fact contain information entitled to protection from disclosure under the law.~~

~~However, in the event a Party seeks to file Protected Materials with the Court, those documents shall be filed under seal pursuant to Rule 10-5 of the Local Rules of Practice for the U.S. District Court of Nevada and the Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to this Stipulated Protective Order, the movant must notify the opposing party (or non-party) at least seven days prior to filing the designated document. The Designating Party must then make a good faith determination if the relevant standard for sealing is met. To the extent the Designating Party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the Designating Party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated~~

MCLETCHIESHELL
ATTORNEYS AT LAW
616 SOUTH 8TH STREET
LAS VEGAS, NV 89101
(702) 728-5300 (T) / (702) 425-8220 (F)
WWW.NVLITIGATION.COM

~~material.  If the Designating Party fails to provide such a declaration in support of the motion to seal, the filing party shall then file a motion to seal so indicating and the Court may order the document filed in the public record.~~

**9.**      **CHALLENGES TO PROTECTED MATERIAL.**

Any designation of Protected Material is subject to challenge. The following procedures shall apply to any such challenge:

**a. Burden.** The burden of proving the necessity of a "CONFIDENTIAL" designation remains with the party asserting confidentiality.

**b. Notice; Opportunity to Challenge.** A party who contends that Protected Material is not entitled to confidential treatment shall give written notice to the party who affixed the "CONFIDENTIAL" designation of the specific basis for the challenge. The party who so designated the documents shall have ten (10) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the "CONFIDENTIAL" designation, and the status as Protected Material.

**c.** **Treatment as Protected Material until order or withdrawal.** Notwithstanding any challenge to the designation of documents as  such, all material previously designated "CONFIDENTIAL" shall  continue to be treated as Protected Material subject to the full protections of this Order until one of the following occurs:  (1) the Party who claims that the documents are Protected Material withdraws  such designation in writing;  (2) the Party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or  (3) the Court rules that the documents are not Protected Material and/or should no longer be designated as "CONFIDENTIAL."

**d. No Waiver.** Challenges to the confidentiality of documents may be made at any time  and are not waived by the failure to raise the challenge at the time of initial  disclosure or designation.

**10.**     **DURATION; CONCLUSION OF LITIGATION.**

All provisions of this Order restricting the use of Protected Material shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered. Within 30 days of the final termination of this matter, which would be either a final judgment on all claims or stipulation and order for dismissal with prejudice, all documents and information designated as CONFIDENTIAL by a Designating Party and which has not been challenged, including any copies, or documents containing information taken therefrom, shall be returned to the Designating Party.   In the alternative, within 30 days of the final termination of this case, which would be either a final judgment on all claims or stipulation and order for dismissal with prejudice, all such documents, including copies, may be shredded or disposed of in a manner to ensure the destruction thereof and a declaration certifying such destruction or disposal provided to the Designating Party.  To the extent a party has designated portions of a deposition transcript as CONFIDENTIAL, the non-designating party shall dispose of or completely redact those portions deemed CONFIDENTIAL, but is under no obligation or duty to shred or dispose of the remainder of the deposition transcript that was not designated CONFIDENTIAL.

**11. PROTECTED     MATERIAL     SUBPOENAED     OR     ORDERED PRODUCED IN OTHER LITIGATION.**

If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Protected Material designated by another Party or Non-party, the Party must so notify the Designating Party, in writing (by e-mail or fax, if possible) within three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**12.**     **ORDER SUBJECT TO MODIFICATION.**

This Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified

until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

## 13.     **NO JUDICIAL DETERMINATION.**

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

## 14.     **MISCELLANEOUS.**

**a. Public Health and Safety**. Nothing in this Order is intended to prevent any Party from raising with the Court any concern that the non-disclosure of certain Protected Material may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office.

**b. Right to Further Relief**. Nothing is this Order abridges the right of any person to seek its modification by the Court in the future.

**c. Right to Assert Other Objections.** By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

///
///
///
///
///

**15.**     <u>**PERSONS BOUND UPON ENTRY OF ORDER.**</u>

This Order shall take effect when entered  and shall be immediately binding upon

the Parties (as defined herein).

DATED this 23rd day of July 2015.          DATED this 23rd day of July2015.


/s/ Jennifer L. Braster                     /s/ Gregory S. Bean
MARGARET A. MCLETCHIE,.             ROBERT W. FREEMAN JR.
Nevada Bar No. 10931                    Nevada Bar No. 3062
MATTHEW J. RASHBROOK                    GREGORY S. BEAN
Nevada Bar No 12477                     Nevada Bar No. 12694
MCLETCHIE SHELL LLC                     LEWIS  BISBOIS  BISGAARD  &  SMITH
616 South Eighth Street                 6385 S. Rainbow, Suite 600
Las Vegas, Nevada 89101                 Las Vegas, NV 89118
(702)728-5300                           (702) 893-3383
                                        *Attorneys for Defendants*

Jennifer L. Braster
Nevada Bar No. 9982
NAYLOR & BRASTER
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
Telephone (702) 420-7000

*Attorneys for Plaintiffs*



**IT IS SO ORDERED.**

Dated this __ 24th day of July          _____, 2015.



_____
United States Magistrate Judge

1

## **EXHIBIT  A**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**_____'s LOG OF CONFIDENTIAL DESIGNATIONS**

| Date of Production | Bates Number or Other Identifier | Specific Description of Documents or Information | Authority/Basis for Designation |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

MCLETCHIE SHELL

ATTORNEYS AT LAW
616 SOUTH 8TH STREET
LAS VEGAS, NV 89101
(702) 728-5300 (T) / (702) 425-8220 (F)
WWW.NVLITIGATION.COM

13

**EXHIBIT B**

**ACKNOWLEDGMENT OF UNDERSTANDING**
**AND AGREEMENT TO BE BOUND**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

THOMAS WALKER, an individual, and
CATHY CATALDO, an individual

         Plaintiff,

vs.

NORTH LAS VEGAS POLICE
DEPARTMENT, OFFICER PAUL
MAALOUF, individually and in his official
capacity as a North Las Vegas Police
Department Officer, OFFICER TRAVIS
SNYDER, individually and in his official
capacity as a North Las Vegas Police
Department Officer,

         Defendants.

**Case. No.: 2:14-cv-01475-JAD-NJK**

**ACKNOWLEDGMENT OF**
**UNDERSTANDING AND**
**AGREEMENT TO BE BOUND**

    The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated _____, 2015, in the above-captioned action, understands the terms thereof, and agrees to be bound by such terms.  The undersigned submits to the jurisdiction of the United States District Court for the District of Nevada in matter relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such Protected Material to any person, fir, entity, or concern.

///
///
///
///
///

15

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____      _____

Date                                 Signature