**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

THOMAS WALKER, et al.,

Plaintiff(s),

vs.

NORTH LAS VEGAS POLICE DEPARTMENT et al.,

Defendant(s).

Case No. 2:14-cv-01475-JAD-NJK

ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE

(Docket No. 48)

Pending before the Court is Plaintiffs' motion to compel. Docket No. 48. Defendants filed a response, and Plaintiffs submitted a reply. Docket Nos. 52, 57. The Court finds this matter is properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion is hereby **DENIED** without prejudice.

## I. BACKGROUND

Plaintiffs allege that on September 14, 2012, Defendants executed a narcotics search warrant on their home. Docket No. 3 at 3-4. In the process, Defendants Snyder and Maalouf allegedly shot and killed Plaintiffs' two dogs. *Id*., at 4-5.

Filed on September 12, 2014, Plaintiffs' Amended Complaint alleges claims under 42 U.S.C. § 1983 against Defendants Snyder and Maalouf and a policy-or-practice claim against Defendant NLVPD under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), contending that Defendant NLVPD has a practice of using unreasonable force on dogs during the

execution of search warrants. Docket No. 48 at 3. Plaintiffs' Amended Complaint also seeks a permanent injunction preventing Defendant NLVPD from shooting pet dogs while executing search warrants absent exigent circumstances. *Id*.

The discovery dispute presently before the Court arises from a request for production served by Plaintiffs on September 23, 2015. Docket No. 48 at 15. After having received an extension, Defendants responded and objected to the requests at issue on November 9, 2015.[1] *Id*.

The parties exchanged letters detailing their positions and conferred telephonically. *Id*. During the meet-and-confer process, Plaintiffs contended that the requested documents were discoverable because they were relevant to the "injunctive relief sought." *Id*. In response, Defendants moved to dismiss Plaintiffs' prayer for injunctive relief on November 24, 2015. Docket No. 42.

On December 8, 2015, the Court granted a separate motion to compel filed by Plaintiffs. Docket No. 46. In light of the Court's ruling, on December 17, 2015, Defendants filed a supplemental response to Plaintiffs' request for production, adding additional bases of objection and requesting an additional meet and confer. Docket No. 52 at 4-5. On December 18, 2015, the parties again conferred, but Plaintiffs refused to discuss the substance of Defendants' newly raised objections. *Id*. at 5. That same day, Plaintiffs filed another motion to compel. Docket No. 48.

As that motion was being briefed, on January 21, 2016, United States District Judge Jennifer A. Dorsey granted Defendants' motion to dismiss Plaintiffs' prayer for injunctive relief, construing it as a motion to strike under Federal Rule of Civil Procedure 12(f). *See* Docket No. 56.

## II. STANDARD

A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. *Cardoza v. Bloomin' Brands, Inc.*, ___ F. Supp. 3d ____, 2015 WL 6123192, *6 (D.Nev. Oct. 16, 2015). Federal Rule of Civil Procedure 37(a)(1) requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Similarly, Local Rule 26-7(b)

---

[1] The requests at issue are Requests for Production Nos. 25-30, 39-43. Docket No. 48 at 6-13.

provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

Courts in the District of Nevada take the meet and confer requirement seriously and routinely hold that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D.Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

## III. ANALYSIS

In this case, Plaintiffs' counsel provided a certification that a good faith meet-and-confer had been conducted. Docket No. 50-1 at 1. What the certification and the exhibits attached to Plaintiffs' motion make clear, however, is that the meet-and-confer process proceeded under a cloud of legal uncertainty regarding Plaintiffs' prayer for injunctive relief. In conferring with Defendants, Plaintiffs' counsel argued that the disputed information was relevant to "the injunctive relief sought." Docket No. 50-3 at 3. Defendants' counsel responded by moving to dismiss Plaintiffs' request for injunctive relief and replying that Defendants did "not feel [Plaintiffs] properly plead such a cause of action[.]" Docket No. 50-4 at 3. This uncertainty extended into the briefing of Plaintiffs' motion to compel, wherein Plaintiffs justify the discovery sought, at least in part, on the basis that they are "are relevant to Plaintiffs' requested injunctive relief." Docket No. 48 at 6.

The Court finds that the intervening ruling on Defendants' motion to dismiss rendered the parties' meet-and-confer efforts inadequate. The relevancy of the discovery sought depended in large part on Plaintiffs' prayer for injunctive relief. Since Plaintiffs' request for injunctive relief has been stricken, the grounds underlying each party's discovery position has shifted. The parties' prior discussions of each contested discovery issue are therefore insufficient to encompass "the merits of their respective positions[.]" *Nevada Power*, 151 F.R.D. at 120. Accordingly, the Court finds that the parties failed to "meaningfully discuss" the issues presented in Plaintiffs' motion to compel. *ShuffleMaster, Inc.*, 170 F.R.D. 166, 171 (D.Nev. 1996).

For the first time in reply, Plaintiffs attempt to salvage their motion by downplaying the impact of the Court's ruling on their request for a permanent injunction. Docket No. 57 at 3. They contend that the Court "made clear at the hearing that Plaintiffs could file a motion to amend [sic], which Plaintiffs intend to do." *Id*. However, this argument does not address, much less establish, the adequacy of parties' prior meet-and-confer efforts in light of Judge Dorsey's ruling.

Accordingly, the Court **DENIES** Plaintiffs' motion to compel without prejudice.

IT IS SO ORDERED.

DATED: February 3, 2016

NANCY J. KOPPE
United States Magistrate Judge