UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Thomas Walker, et al.,<br><br>    Plaintiff<br><br>v.<br><br>North Las Vegas Police Department, et al.,<br><br>    Defendants | 2:14-cv-01475-JAD-NJK<br><br>**Order Granting in Part and Denying in Part Motion for Leave to Amend, Denying Motion to Bifurcate Trial, and Denying Motion to Stay Discovery**<br><br>[ECF Nos. 65, 70, 72] |

Thomas Walker and Cathy Cataldo sue the North Las Vegas Police Department (NLVPD) and officers Paul Maalouf and Travis Snyder for shooting plaintiffs' pet pit bulls while executing a search warrant on their residence. Plaintiffs request leave to file a second-amended complaint to (1) substitute the City of North Las Vegas (the City) for the NLVPD and (2) add a prayer for injunctive relief and supporting allegations.[1] Defendants move to bifurcate and stay discovery for plaintiffs' municipal claims.[2] I grant plaintiffs' request for leave to replace the NLVPD with the City, deny their request to add a prayer for injunctive relief, and deny defendants' motions to bifurcate trial and stay discovery.

**Discussion**

**I.    Motion for Leave to Amend**

I struck plaintiffs' prayer for injunctive relief from their first-amended complaint because plaintiffs offered no facts to show that the alleged harm was likely to recur.[3] Plaintiffs now seek leave to file a second-amended complaint to replead their prayer for injunctive relief and to substitute

---

[1] ECF No. 65.

[2] ECF No. 70, 72.

[3] ECF No. 56. I treated defendants' untimely motion to dismiss as a motion to strike under FRCP 12(f) and struck plaintiffs' prayer for injunctive relief.

the City for the NLVPD.[4] In their second-amended complaint, plaintiffs allege that they adopted a new pit bull in the summer of 2014 and fear that their new dog is in danger of being shot by police.[5] They request a permanent injunction "preventing Defendant North Las Vegas and their officers from violating the constitutional civil rights of individuals based upon the false assertion that Defendant North Las Vegas may shoot pet dogs while executing search warrants even though exigent circumstances do not exist."[6]

Defendants do not oppose plaintiffs' request to substitute the City for the NLVPD,[7] but they do oppose their request to add a prayer for injunctive relief.[8] Defendants note that plaintiffs allegedly adopted a new pit bull in the summer of 2014, well before they filed the original complaint in September 2014, so they cannot show good cause or excusable neglect for belatedly seeking to include these facts. Defendants also argue that plaintiffs' proposed injunctive-relief amendments are futile both because plaintiffs have not shown that they suffered irreparable injury and because the requested injunction is overly broad.[9]

**A.  Standards for leave to amend.**

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave when justice so requires." But leave to amend should be denied if the proposed amendment is futile.[10] When leave to amend is sought after the amendment deadline in the court's scheduling order has expired, the movant must also show good cause to reopen the amendment

---

[4] ECF No. 65 at 5.

[5] ECF No. 65-1 at 8.

[6] *Id.* at 13.

[7] ECF No. 75 at 2.

[8] *Id.*

[9] *Id.* at 8–9.

[10] *Carrico v. City & Cty of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

period and excusable neglect for the delay.[11]

### B. I grant plaintiffs' motion for leave to substitute a defendant, but not their request to add a prayer for injunctive relief [ECF No. 65]

At the outset, I grant plaintiffs' unopposed request for leave to substitute the City for the NLVPD. Plaintiffs have shown good cause and excusable neglect to substitute the City for the NLVPD because they represent that they recently learned through additional research that the City is the appropriate target for their municipal claims.[12] And the amendment would not be futile because the NVLPD is a department of the City, not a political subdivision amenable to suit under § 1983. I therefore grant plaintiffs' unopposed request for leave to substitute the City for NLVPD.

I decline, however, to grant plaintiffs leave to add a prayer for injunctive relief for two reasons. First, plaintiffs have not carried their burden to establish excusable neglect or good cause to reopen the amendment period for this purpose. Plaintiffs allege that they adopted a new pit bull in the summer of 2014, which, giving them the benefit of the doubt, may have been after they filed their initial complaint on September 12, 2014, but it was well before the deadline to amend pleadings expired in May 2015.[13] Plaintiffs also waited 29 days after I struck their original prayer for injunctive relief to request leave to amend, and they make no effort to explain this delay.[14]

More importantly, plaintiffs' proposed injunctive-relief amendments are futile. To establish standing to seek an injunction, a plaintiff must show "that he is realistically threatened by a repetition of [the violation]."[15] When the alleged harm results from police misconduct, a plaintiff can show that the harm is likely to recur by demonstrating that the injury stemmed from (1) an official written

---

[11] FED. R. CIV. PROC. 6(b)(1)(B).

[12] ECF No. 65 at 6.

[13] ECF No. 14.

[14] *See* ECF Nos. 56, 65.

[15] *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).

policy or (2) a pattern of officially sanctioned behavior.[16]  Plaintiffs argue that the harm they suffered is likely to recur because the City has a policy of shooting dogs while executing search warrants, and plaintiffs have now adopted a new pit bull.  But although a written policy or officially sanctioned behavior may suggest a likelihood of repetition, it does not necessarily mean that plaintiffs themselves are likely to suffer a similar injury in the future.  Indeed, the possibility that the harm will recur in this case is relatively remote because the City would first have to obtain another search warrant for plaintiffs' residence.  Because plaintiffs plead no facts to show that a similar future injury is likely to occur against them, their prayer for injunctive relief is factually baseless.  Plaintiffs have an adequate remedy for the alleged past violation in the form of damages, as they have already pled.

Because plaintiffs have not shown good cause or excusable neglect, and the proposed injunctive-relief amendments are futile, I decline to reopen the amendment period so that they can add these allegations.  However, I grant plaintiffs' unopposed request to substitute the City for the NLVPD.  If plaintiffs wish to do so, they must file an amended complaint substituting the City for the NLVPD by May 12, 2016.  The amended complaint should not include their proposed injunctive-relief amendments.

**II.     Defendants' Motion to Bifurcate Trial and Stay Discovery [ECF No. 70, 72]**

A court may, in its discretion, bifurcate a trial (1) for convenience of the court and the parties, (2) to avoid prejudice, or (3) to expedite and economize the trial process.[17]  But absent some experience of its worth, "separation of issues for trial is not to be routinely ordered."[18]

In addition to their § 1983 claim against the individual-officer defendants, plaintiffs assert a state-law negligent-training claim and a *Monell* claim against the City (municipal claims).[19]  Defendants move to bifurcate and stay discovery on plaintiffs' municipal claims.  Defendants

---

[16] *Armstrong v. Davis*, 275 F.3d 860, 865 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005).

[17] FED. R. CIV. P. 42(b).

[18] Advisory Committee Notes to the 1966 Amendment to FRCP 42(b).

[19] Plaintiffs also assert state-law claims for negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress against all defendants.  ECF No. 3.

represent that they have expended a great deal of resources answering discovery for plaintiffs' municipal claims and note that these claims may be moot pending resolution of plaintiffs' other claims. Defendants assert that the bifurcation and stay of discovery is necessary under principles of judicial economy and fairness.[20]

I realize that if plaintiffs cannot show an underlying constitutional violation, then their *Monell* claim necessarily fails and will render the issue of whether a municipal policy or custom caused the alleged violation moot. But a loss on plaintiffs' excessive-force claim against the individual officers will not render moot plaintiffs' state-law claim against the City for negligent training and supervision, and the individual officers' conduct is relevant to plaintiffs' negligent-supervision claim. Additionally, the parties have now been engaged in discovery on all claims for more than a year, and the discovery cut-off date has been extended multiple times.[21] I do not find that convenience to the court and the parties or judicial economy favor bifurcation at this belated date. In fact, defendants' request appears to be prompted by a discovery dispute over municipal documents.[22] Finally, undue prejudice to the individual defendants from allegations of unlawful municipal policies is not yet an issue. I therefore exercise my discretion and deny defendants' motions to bifurcate and stay discovery on plaintiffs' municipal claims without prejudice to defendants' ability to reurge their motion to bifurcate trial after a ruling on motions for summary judgment.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **plaintiffs' motion for leave to file a second-amended complaint [ECF No. 65] is GRANTED in part and DENIED in part.** Plaintiffs may file a second-amended complaint that replaces the North Las Vegas Police Department with the City of North Las Vegas, but they may not include a prayer for injunctive relief and supporting

---

[20] ECF No .70 at 3.

[21] ECF No. 17, 30, 64.

[22] ECF No. 60 (plaintiffs' pending motion to compel discovery relating to prior instances of use of force against dogs).

allegations.  **Plaintiffs must file this amended complaint by May 12, 2016.**

IT IS FURTHER ORDERED that **defendants' motion to bifurcate trial [ECF No. 70] and motion to stay discovery [ECF No. 72] are DENIED.**

IT IS FURTHER ORDERED that **the hearing set for May 2, 2016, is VACATED.**[23]

Dated this 28th day of April, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[23] I find these matters suitable for disposition without oral argument.  L.R. 78-2.