UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS WALKER, et al., ) | |
| ) | Case No. 2:14-cv-01475-JAD-NJK |
| Plaintiff(s), ) | |
| ) | ORDER |
| vs. ) | |
| ) | |
| NORTH LAS VEGAS POLICE DEPARTMENT ) | |
| et al., ) | (Docket No. 60) |
| ) | |
| Defendant(s). ) | |
| ) | |

Pending before the Court is Plaintiffs' motion to compel. Docket No. 60. Defendant North Las Vegas Police Department ("Defendant") filed a response, and Plaintiffs submitted a reply. Docket Nos. 69, 78. The Court finds the motion properly resolved without oral argument. *See* LR 78-1. For the reasons discussed below, the motion is hereby **GRANTED** in part and **DENIED** in part.

I.   **REQUESTS FOR PRODUCTION 10 AND 15**

The discovery dispute, as it relates to Requests For Production 10 and 15, has a lengthy procedural history. On September 1, 2015, Plaintiffs filed a motion to compel responses to, *inter alia*, Requests for Production 10 and 15. Docket No. 24. The next day, the Court denied Plaintiffs' motion without prejudice for failure to comply with the meet and confer requirements in Federal Rule of Civil Procedure 37(a)(2)(B) and Local Rule 26-7(b).[1]  Docket No. 25.

---

[1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

1    On September 21, 2015, Plaintiffs filed their second motion to compel responses to the same
2 requests. Docket No. 31. Plaintiffs asked the Court to require Defendant "to produce any and all
3 internal affairs documents regarding prior incidents of use of force against dogs in response to Request
4 Nos. 10 and 15." *Id*. at 14.

5    On October 22, 2015, after the motion was fully briefed, the Court ordered Defendant to produce
6 documents responsive to Requests 10 and 15 to the Court's chambers for *in camera* review. Docket No.
7 37. As is relevant here, the Court ordered Defendant to produce "all internal affairs documents
8 regarding prior incidents involving the use of force against dogs by NLVPD officers in Response to
9 Request Nos. 10, 15." *Id*. On October 28, 2015, at Defendant's request, the Court extended the
10 deadline to submit the documents to November 19, 2015. Docket No. 39.

11    On December 7, 2015, after reviewing the voluminous documents *in camera*, the Court granted
12 in part and denied in part Plaintiffs' motion to compel, overruling Defendant's relevancy and privilege
13 objections. *Id.* at 2-10. Specifically, the Court ordered that:

> Defendants shall produce Defendants' Production of Documents for *In Camera* Review Set Two to Plaintiffs, except for the Armorer's Inspection Check Lists . . . which are irrelevant here as there is no allegation that any weapon malfunctioned. Further, Defendants shall redact, prior to production, any personal information of any civilian person not a party to the instant case.

17 *Id*. at 9. Defendant produced the documents. *See, e.g.*, Docket No. 60 at 23.

18    On February 4, 2016, Plaintiffs filed their fourth motion to compel in this matter seeking
19 additional documents responsive to Requests for Production 10 and 15. Docket No. 60. In particular,
20 Plaintiffs complain that Defendant only produced the subject documents up to the date of the incident
21 and ask the Court to compel Defendant to produce any documents in response to Requests 10 and 15
22 from after the subject incident until February 13, 2015. Docket No. 60 at 23. Defendant responds that
23 "Plaintiffs seem dissatisfied with the Court order and now seek to amend the ruling." Docket No. 69
24 at 15.

25    The Court finds that Defendant failed to comply with its prior order. The Court specifically
26 ordered Defendant to produce certain documents *in camera*, as requested in Request No. 10. That
27 request specifically places a time limitation of February 13, 2013, through February 13, 2015. Docket
28 No. 61-11 at 7. Defendant clearly understood that the Court's order required it to produce documents

for *in camera* review that were responsive to Request 10, from February 13, 2010 to February 13, 2015. Docket No. 38 at 2. Despite this clear understanding, however, Defendant produced responsive documents solely from 2010 to the date of the incident, September 14, 2012. Docket No. 69 at 9.

Accordingly, for the reasons stated above, Plaintiffs' motion regarding Request Number 10 is **GRANTED**. No later than May 20, 2016, Defendant must produce to Plaintiffs all documents relating to all firearm discharges against dogs between September 14, 2012, and February 13, 2015. The Court finds that Defendant complied with its order regarding Request Number 15. Therefore, Plaintiffs' motion regarding Request Number 15 is **DENIED**.

## II. REQUEST FOR PRODUCTION 16

Request for Production 16 seeks all documents "produced by any party or third party in Thurston v. City of North Las Vegas Police Department et al. (Case No. 2:10-cv-00516-LRH-CWH)." Docket No. 61-39 at 4. Plaintiffs admit, however, that they obtained these documents by subpoenaing them from Thurston's counsel. Docket No. 78 at 8-9.

While broad, "the scope of discovery under the federal rules is not boundless." *Russo v. Lopez*, 2012 WL 4891704, *1 (D. Nev. Oct. 12, 2012). Rule 26(b)(2)(C) requires the Court, on its own, to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is . . . outside the scope permitted by Rule 26(b)(1)." Fed.R.Civ.P. 26(b)(2)(C). Where the discovering party requests information it already possesses, courts generally find that the request is disproportional to the needs of the case. *Manley v. Zimmer*, 2014 WL 1576857 *15 (D. Nev. Apr. 17, 2014), *reconsideration denied*, 2014 WL 4471662 (D. Nev. Sept. 10, 2014) (finding that "if Plaintiff already has copies [of the requested document] . . . then the court is not going to order unnecessary copying of presumably voluminous documents.")

Here, since Plaintiffs admit to having the *Thurston* file, the Court finds it unnecessary to order Defendant to copy and review this voluminous case file. Accordingly, Plaintiffs' motion, as it relates this request, is **DENIED**.

//
//
//

### III. REQUEST FOR PRODUCTION 33

The final request at issue, Request for Production 33, seeks the production of:

> [A]ll emails and other electronic communications, including, but not limited to, radio recordings, inter-computer messages, and texts, regarding this incident at Plaintiffs' residence on September 14, 2012, as well as other incidents involving the use of force against dogs, discharge of firearms on dogs, and contact with dogs.

Docket No. 61-39 at 20. After meeting and conferring, Defendant produced only limited documents relating to the shooting of Plaintiffs' dogs. *See* Docket No. 69 at 4-5. The parties are unable to agree regarding the proper scope of discovery beyond the incident.

The Federal Rules of Civil Procedure place specific limitations on the scope of discovery of electronically stored information ("ESI"). *See* Fed.R.Civ.P. 26(b)(2)(B). Rule 26(b)(2)(B) requires a tri-part inquiry. *U.S. ex rel. Guardiola v. Renown Health*, 2015 WL 5056726, *2 (D. Nev. Aug. 25, 2015). "First, the court determines whether the party opposing production has demonstrated that the ESI is not reasonably accessible due to undue burden or undue cost." *Id*. (citing Fed.R.Civ.P. 26(b)(2)(B)). Undue burden is a fact-specific inquiry requiring a particular showing of infeasibility. *Id*. at *3. Similarly, "[u]ndue cost is examined not as a number alone, but instead within context of myriad facts[,]" including the context of the case and the responding party's "failure to implement a sensible . . . archival/backup solution[.]" *Id*. at *4, *5. Document review and storage, costs ordinarily borne by the producing party, are not "properly included as a 'cost[.]'" *Id*. at *4. "Second, upon a requisite showing, the court asks whether the party seeking production has demonstrated, notwithstanding the inaccessibility, good cause for production in light of the factors discussed in Rule 26(b)(2)(C) and the Advisory Committee notes." *Id.* at *2 (citing Fed.R.Civ.P. 26(b)(2)(B) and the Advisory Committee notes). Third, "if the ESI is not reasonably accessible, the court may consider whether cost sharing is appropriate." *Id*.

Discovery does not otherwise change just because ESI is involved. "Counsel and parties have duties to clearly communicate, cooperate in the discovery process, and undertake an adequate investigation of facts before making representations." *Small v. Univ. Med. Ctr. of S. Nevada*, 2014 WL 4079507, *29 (D. Nev. Aug. 18, 2014); *see also Progressive Cas. Ins. Co. v. Delaney*, 2014 WL 3563467, *1 (D. Nev. July 18, 2014) (discussing the submission of a joint proposed ESI protocol).

Where, as here, counsel are using keyword searches for retrieval of ESI, the parties must "work together to implement [an] iterative process for finalizing the search terms[.]" *Cannata v. Wyndham Worldwide Corp.*, 2012 WL 528224, *4 (D. Nev. Feb. 17, 2012). "Whether search terms . . . will yield the information sought is a complicated question involving the interplay, at least, of the sciences of computer technology, statistics and linguistics." *United States v. O'Keefe*, 537 F.Supp.2d 14, 24 (D.D.C. 2008) (citing George L. Paul & Jason R. Baron, *Information Inflation: Can the Legal System Adapt*, 13 Rich. J.L. & Tech. 10 (2007)). "Given this complexity, for . . . judges to dare opine that a certain search term or terms would be more likely to produce information than the terms that were used is truly to go where angels fear to tread." *Id*. Nonetheless, courts in the District of Nevada make clear that search terms must be "narrowly tailored to particular issues" and that "[i]ndiscriminate terms, such as a defendant's name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction." *Cannata*, 2012 WL 528224 at *4.

Here, both parties' counsel have failed to discharge their duties to communicate clearly and cooperate in the discovery process. Plaintiffs must narrow their search terms to particular issues in their claims and avoid indiscriminate terms, such as "contact with dogs" unless combined with sufficiently narrowing terms. Plaintiffs' search terms must be "reasonably tailored to identify responsive communications[.]" *Corbello v. Devito*, 2010 WL 4703519 *6 (D. Nev. Nov. 12, 2010), *on reconsideration in part*, 2011 WL 1466605 (D. Nev. Apr. 15, 2011). The parties shall confer regarding the temporal limitations of Plaintiffs' request. Plaintiffs shall provide Defendant with their search terms, and Defendant shall timely produce search reports. The Court, therefore, **GRANTS** Plaintiffs' motion in relation to this request in part. The Court **ORDERS** that the parties shall cooperate and apply a set of reasonable search terms that accomplish the limitations and directions provided in this order. To the extent Defendant contends that this request is categorically overbroad and disproportional to the needs of the case, its objections are **OVERRULED**.

**IV.    IDENTIFYING RESPONSIVE DOCUMENTS**

Plaintiffs ask the Court to require Defendant to identify documents responsive to their discovery requests by Bates number. Docket No. 60 at 26. Plaintiffs complain that, despite previously agreeing to identify documents by Bates Number, Defendant has failed to do so. *Id*. Plaintiffs submit that an e-

1 mail and Defendant's provision of supplemental responses in the past evidence this agreement. *Id.*; *see also* Docket No. 61-1 at 6 (declaration supporting agreement and supplementation). Defendant responds that Plaintiffs' position is untenable because Plaintiffs have failed to identify their own documents by Bates number and requests an additional meet and confer on this issue. Docket No. 69 at 16.

Defendant must identify any responsive documents by Bates number. Generally, parties are not required to identify responsive documents by Bates number as long as the response is adequate to permit the discovery party to identify and locate which documents are responsive to which requests. *Queensridge Towers, LLC v. Allianz Glob. Risks US Ins. Co.*, 2014 WL 496952, *6 (D. Nev. Feb. 4, 2014). Parties, however, may stipulate to more exacting procedures. *See* Fed.R.Civ. 34(b)(2)(E). Because Defendant fails to rebut Plaintiffs' contention that it has agreed to provide Bates number cites, Defendant should be held to its agreement. Accordingly, Plaintiffs' motion, as to this issue, is **GRANTED**.

**V.     ATTORNEYS' FEES AND COSTS**

Rule 37 provides for sanctions against a party that fails to comply with discovery orders. *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011). Rule 37(b)(2)(A) states, "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed.R.Civ.P. 37(b)(2)(A). "The definition of 'order' in Rule 37(b) has been read broadly." *Dreith*, 648 F.3d at 787. "[A]n order stemming from a noticed motion to compel is but one example of an order which may, upon violation thereof, result in sanctions." *Id*. Other discovery orders within Rule 37(b) include Court orders requiring specific disclosures or discovery. *See id.* (finding that order requiring expedited discovery and disclosure was within Rule 37(b)). Accordingly, both the Court's December 8, 2015, order ("December Order") compelling discovery under Rule 37(a) and the Court's October 29, 2015, order ("October Order") requiring the submission of documents *in camera* are orders within the scope of Rule 36(b).

The Court has "great latitude" in fashioning sanctions pursuant to Rule 37. *See Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985); *see also* Rule 37(b)(2)(A) (authorizing any "just" remedy). However, where a party fails to comply with a court order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

1  caused by the failure, unless the failure was substantially justified or other circumstances exist making
2  an award of expenses unjust." Rule 37(b)(2)(C). The disobedient party has the burden of establishing
3  substantial justification or special circumstances. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702
4  F.2d 770, 784 (9th Cir.1983). Discovery conduct "is 'substantially justified' under Rule 37 if
5  reasonable people could differ on the matter in dispute." *United States EEOC v. Caesars Entm't, Inc.*,
6  237 F.R.D. 428, 435 (D. Nev. 2006).

Here, Defendant disobeyed both orders. The October Order specifically required Defendant to submit all documents responsive to Request 10, which contained an explicit time window. *See* Docket No. 37. No portion of the Court's order limits Request 10 to documents prior to September 14, 2012. It is clear Defendant knew what the Court ordered them to produce, as Defendant's affiant states, "all internal affairs documents regarding prior incidents involving the use of force against dogs by NLVPD officers from February 13, 2010, through February 12, 2015[.]" Docket No. 38 at 12 (internal quotes omitted). Despite that understanding, Defendant withheld documents from the Court. This conduct has the appearance of gamesmanship and, at worst, an attempt to mislead the Court. This omission further corrupted the Court's December Order, which relied on Defendants *in camera* submission.

Defendant fails to show that its conduct was substantially justified or that the circumstances make an award of expenses unjust. The Court finds that no other circumstances exist to render sanctions unjust. Accordingly, Plaintiffs' request for reasonable attorneys' fees and costs regarding the motion to compel solely as it relates to Request Number 10 is **GRANTED**.

The Court encourages the parties to meet and confer and reach an agreement on the appropriate amount for this sanction. If the parties do not reach an agreement, Plaintiffs' counsel shall file, no later than May 19, 2016, an affidavit of reasonable expenses and attorneys' fees incurred in prosecuting solely the portion of this motion that relates to Request Number 10. Plaintiffs must show their request is reasonable. *See Marrocco v. Hill*, 291 F.R.D. 586 (D. Nev. 2013). Failure to file the affidavit within that time will result in no award. Defendant shall file a response no later than May 24, 2016. Any reply shall be filed no later than May 27, 2016.

//
//

## VI. CONCLUSION

For the reasons discussed above, Plaintiffs' motion to compel is **GRANTED** in part and **DENIED** in part. Plaintiffs' request for reasonable attorneys' fees and costs is **GRANTED** in part.

IT IS SO ORDERED.

DATED: May 13, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge