**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS WALKER, et al., )<br>　　　　　　　　　　　　　　　　) <br>　　　　　　Plaintiff(s), ) <br>　　　　　　　　　　　　　　　　) <br>vs. ) <br>　　　　　　　　　　　　　　　　) <br>NORTH LAS VEGAS POLICE DEPARTMENT ) <br>et al., ) <br>　　　　　　　　　　　　　　　　) <br>　　　　　　Defendant(s). ) <br>_____) | Case No. 2:14-cv-01475-JAD-NJK<br><br>ORDER<br><br><br>(Docket No. 90) |

Before the Court is Plaintiffs' memorandum in support of attorneys' fees and its supplement. Docket Nos. 90, 91. Defendant North Las Vegas Police Department ("Defendant") filed a response, and Plaintiffs submitted a reply. Docket Nos. 94, 95. The Court finds the motion properly resolved without oral argument. *See* LR 78-1.

**I.  BACKGROUND**

On May 13, 2016, the Court found Plaintiffs were entitled to recover their reasonable attorneys' fees in prosecuting their motion to compel, Docket No. 60, solely as it related to Request for Production 10. Docket No. 89 at 7. The Court ordered Plaintiffs to file an affidavit setting forth their reasonable attorneys' fees and costs. *Id.* The Court further allowed Defendant to respond to Plaintiffs' request, and Defendant to reply. *Id.* Both parties have now complied. *See* Docket Nos. 94, 95.

**II.  PROPRIETY OF SANCTIONS**

As a threshold matter, Defendant contends sanctions are not warranted because its conduct was substantially justified. Docket No. 94 at 3-5. This argument is inappropriate in the context of the present dispute, as the Court has already determined Defendant failed to make that showing. Docket No. 89 at 6-7. Defendant essentially asks the Court to reconsider its prior ruling without addressing the

1 standard for reconsideration, which prohibits Defendant from simply reasserting its old arguments as 2 well as raising new arguments when they could reasonably have been raised earlier in the litigation. 3 *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *see also Kona Enters., Inc. v. Estate of* 4 *Bishop,* 229 F.3d 877, 890 (9th Cir. 2000). Accordingly, the Court will proceed to determine the proper 5 sanction amount.

## III. LODESTAR CALCULATION

In federal question cases, federal law governs the calculation of attorneys' fees. *Disability Law Ctr. of Alaska, Inc. v. Anchorage Sch. Dist.*, 581 F.3d 936, 940 (9th Cir. 2009). Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[1]

### A. HOURLY RATE

The first lodestar step is to calculate the attorneys' reasonable hourly rates "according to the prevailing market rates in the relevant community[.]" *Blum v. Stenson*, 465 U.S. 886, 895-96 & n.11 (1984). "Rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for partners and $250 for an experienced associate to be the prevailing market rate in this forum." *Perrigo v. Premium Asset Servs., LLC*, 2015 WL 4597569, *10 (D. Nev. July 28, 2015); *see also CLM Partners LLC v. Fiesta Palms, LLC*, 2013 WL 6388760, *5 (D. Nev. Dec. 5, 2013) (refusing to calculate hourly rates between $650 and $400 for attorneys working "for a law firm with an excellent reputation"). Other Courts in this District have awarded rates as low as $268 for partners. *Home Gambling Network, Inc. v. Piche*, 2015 WL 1734928, *10-11 (D. Nev. Apr. 16, 2015).

The party requesting attorneys' fees must also show that the hourly rates sought are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill,

---

[1] The Court may adjust the lodestar based on a number of additional factors not subsumed in the initial calculation. *See, e.g.*, *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9thCir. 2000). Neither party argues for an adjustment under these factors.

experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)

In this case, Plaintiffs seek recovery for the time of three attorneys and various legal support staff. Docket No. 90 at 4. Plaintiffs' counsel submitted three affidavits elaborating on each attorneys' education, skills, reputation, and experience as well as the prevailing rates in the community. Docket Nos. 90-1, 90-5, 91-1.

Plaintiffs' first attorney, Margaret McLetchie, requests an hourly rate of $425. Docket No. 90 at 4. Ms. McLetchie, a partner at McLetchie Shell, submits that she has over 12 years of legal experience, including experience as the Interim Southern Program Director for the American Civil Liberties Union, where she litigated civil rights cases. *Id*. at 5. On January 19, 2009, United States District Judge James C. Mahan entered an order awarding attorneys fees' and calculating Ms. McLetchie's hourly rate at $295 per hour. *Id.* at 6. Based on the case law in this District and the Court's familiarity with the prevailing rates in the community, the Court finds the hourly rate of $350 for Ms. McLetchie to be appropriate. *Cervantes v. Emerald Cascade Rest. Sys., Inc.*, 2013 WL 3878692, at *7 (D. Nev. July 25, 2013) (reducing requested hourly rate to conform with community norms).

Plaintiffs' second attorney, Jennifer Braster, requests an hourly rate of $375. Docket No. 90 at 4. Ms. Braster submits that she is a founding partner at Maupin • Naylor • Braster who has practiced law for 10 years. *Id* at 8. She submits that she has experience at two well-known Las Vegas law firms and has experience litigating comparable cases that advance the legal protections afforded to animals. Docket No. 90-2 at 2-3. The Court finds that an hourly rate of $325 is reasonable for Ms. Braster.

Plaintiffs submit that their third attorney, Alina Shell, is a partner at McLetchie Shell with 6 years of legal experience. Docket No. 90 at 6. Ms. Shell transitioned to private practice in 2015 after

serving at the Nevada Federal Public Defender's Office. *Id.* at 6-7. In light of Ms. Shell's dearth of experience in civil practice, the Court finds an hourly rate of $250 is reasonable. *See Perrigo*, 2015 WL 4597569, *10.

Finally, Plaintiffs request an hourly rate of $125 for legal support and paralegal time. Docket No. 90 at 4. Awards of attorneys' fees include the work of paralegals. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 284 (1989); *see also Agarwal v. Oregon Mut. Ins. Co.*, 2013 WL 5882710, *3 (D. Nev. Oct. 30, 2013) (awarding fees for paralegal work). In this forum, paralegals command rates between $75 and $125. *Watson v. NCO Fin. Sys., Inc.*, 2015 WL 1959163, at *2 (D. Nev. Apr. 29, 2015) (finding $125 to be reasonable); *Plaza Bank v. Alan Green Family Trust*, 2013 WL 1759580, *2 (D. Nev. Apr. 24, 2013) (finding $100 to be reasonable); *Agarwal v. Oregon Mut. Ins. Co.*, 2013 WL 5882710, at *2 (D. Nev. Oct. 30, 2013) (finding $75 to be reasonable). Plaintiffs' paralegal, Pharan Burchfield, has an associate degree in paralegal studies and has two years experience. Docket No. 90-5 at 2. Since Ms. Burchfield has approximately two years' experience as a paralegal, the Court finds that an hourly rate of $100 is reasonable.

B.  HOURS EXPENDED

The second lodestar step is to calculate the hours reasonably expended in opposing Plaintiff's motion to compel solely as it relates to Request for Production 10. *See Shuette*, 124 P.3d at 549 & n.98. "[T]he party seeking an award of fees should submit evidence supporting the hours worked." *CLM Partners LLC*, 2013 WL 6388760, *6. If the Court finds the hours actually expended excessive, it is within its discretion to trim them. *See John Hancock*, 2014 U.S. Dist. Lexis 19283, *8 & n.2. In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *see also Cruz v. Alhambra School Dist.*, 601 F. Supp. 2d 1183, 1191 (C.D. Cal. 2009) ("the Court must eliminate from the lodestar time that was unreasonably, unnecessarily, or inefficiently" spent). The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. To that end, in determining the reasonableness of hours spent in relation to a discovery motion, the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of

the briefing.  *Herb Reed Enters. v. Monroe Powell's Platters*, 2013 U.S. Dist. Lexis 97559, at *31 (D. Nev. July 11, 2013); *see also Easley v. U.S. Home Corp.*, 2012 WL 3245526, at *3 (D. Nev. Aug. 7, 2012).

The Court notes that Plaintiffs request fees for work not related to their third motion to compel. Docket No. 60 (third motion to compel filed on February 4, 2016); *see, e.g.*, Docket No. 90-6 (requesting fees for work performed on July 7, 2015, that related to first motion to compel and stipulated protective order).  These requests are excessive.  In granting Plaintiffs' request for sanctions, the Court made clear that Plaintiffs were entitled to "reasonable attorneys' fees and costs regarding the motion to compel solely as it relates to [Request For Production 10.]"  Docket No. 89 at 7.  This award was premised on the fact that, by failing to comply with the Court's discovery orders, Defendant caused Plaintiffs to incur unnecessary fees and costs associated with the filing of a subsequent motion to compel.  Any reasonable fees are limited solely to those related to the prosecution of Plaintiffs' third motion to compel regarding Request for Production 10.  Accordingly, to the extent that Plaintiffs' requests for fees relate to other filings, these requests are **DENIED**.  Plaintiffs' requests for fees as they relate to Ms. Braster's billing entries predating December 30, 2015, are therefore denied.  Similarly, Plaintiffs' requests for fees as they relate to Ms. McLetchie, Ms. Shell, and Ms. Burchfield's billing entries predating December 22, 2015, are also denied.

Excluding those entries, Plaintiffs claim to have expended a total of 47.7 hours among three attorneys and on paralegal in prosecuting their motion to compel.  *See* Docket No. 90-6 at 2; 90-3 at 2. This is clearly an unreasonable request. *See, e.g.*, *Alutiiq Int'l Solutions, LLC v. Lyon*, 2012 WL 4182026, at *2, 4 (D. Nev. Sept. 17, 2012) (reducing hours for motion to compel from 13.8 hours to 4.0 hours); *Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (reducing hours for motion to compel to 15 hours); *Izzo v. Wal-Mart Stores, Inc.*, 2016 WL 1337335, *4 (D. Nev. Apr. 5, 2016) (reducing hours for opposition to motion to compel from 47.9 hours to 10.35 hours).

The Court agrees with Defendant's argument that Plaintiffs' counsel over-staffed this matter by having work performed by three different attorneys and a paralegal.  Docket No. 93 at 2-3; *see also Marrocco*, 291 F.R.D. at 589 (finding that having three attorneys working on discovery motion created unnecessary duplication of efforts).  Billed time that includes unnecessary duplication of effort should

be excluded from the lodestar. *Herrington v. County of Sonoma*, 883 F.2d 739, 747 (9th Cir. 1989). In reviewing the billing, it is clear that having three partners and a paralegal working on this discovery motion created unnecessary duplication of efforts. Based on the complexity of the issue raised with regard to Request for Production 10, the issue's procedural history, and the legal question presented, the Court finds that a reasonable amount of time spent should not have exceeded 5.5 hours. In particular, the Court finds the following to be the reasonable hours expended:

- 2 hours for Ms. Braster to conduct legal research, review the case file, and draft the motion to compel as it relates to Request for Production 10. 0.5 hours for Ms. McLetchie to edit it. 0.5 hours for Ms. Shell to edit it.
- 1 hour for Ms. Burchfield to compile, cite-check, finalize, and upload Plaintiffs' motion as well as submit a courtesy copy to the Undersigned's chambers.
- 1 hour for Ms. Braster to review the opposition, conduct legal research, review the case file, and draft the reply as it relates to Request for Production 10. 0.5 hours for Ms. McLetchie to edit and finalize the reply.[2]

## VI. CONCLUSION

For the reasons already discussed, the Court hereby awards Plaintiffs $1,550.00 in reasonable attorneys' fees. Plaintiffs did not submit a request for reasonable costs. Payment shall be made to Plaintiffs' counsel in this amount no later than July 8, 2016. Defendant's counsel is ordered to file a proof of payment on the docket by that date.

IT IS SO ORDERED.

DATED: June 27, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] As the Court made its determination regarding the reasonable amount of time to prepare the motion to compel and reply solely as they relate to Request for Production 10, the Court need not reach the parties' arguments regarding apportionment. Docket Nos. 90 at 5; 94 at 2; 95 at 4.