1
2          **UNITED STATES DISTRICT COURT**
3              **DISTRICT OF NEVADA**
4
5    Thomas Walker, et al.,                          2:14-cv-01475-JAD-NJK
6          Plaintiffs                         **Order Overruling Defendants'**
                                                      **Objections**
7    v.
8    City of North Las Vegas, et al.,                [ECF No. 92[1]]
9          Defendants
10
11        The City of North Las Vegas objects to Magistrate Judge Koppe's May 13, 2016, order[2]

12   granting a motion to compel and imposing Rule 37 sanctions on this defendant for discovery

13   misconduct.[3]  I overrule the objections because the City has not demonstrated that Judge Koppe's

14   ruling was clearly erroneous or contrary to law.

15                          **Background**

16        Thomas Walker and Cathy Cataldo sue the City of North Las Vegas, Officer Paul Maalouf,

17   and Officer Travis Snyder for killing Pinky and Blue, their two pet dogs, during the execution of a

18   narcotics search warrant.[4]  According to the complaint, Officers Maalouf and Snyder were

19   surveilling Walker and Cataldo's home on the morning of September 14, 2012, when Walker

20   decided to let Pinky and Blue into the yard to go to the bathroom.[5]  As Pinky and Blue scurried about

21
22
23   _____

24   [1] I find this motion suitable for disposition without oral argument.  L.R. 78-1.

25   [2] ECF No. 89.

26   [3] ECF No. 92.

27   [4] ECF No. 88 at ¶ 45.

28   [5] *Id.* at ¶¶ 22–24.

1    the yard, Walker reentered the house and soon heard gunshots.[6]  Walker rushed outside and shouted,

2    "You don't have to—" but it was too late.[7]  Pinky and Blue had been shot at least six times from

3    behind.[8]

4            For the last year, Walker and Cataldo have attempted to obtain discovery on related incidents

5    in which the City used force against pets.[9]  They served an interrogatory on the City, seeking

6    information regarding "NLVPD's use of force against dogs from February 13, 2010[,] through

7    February 13, 2015."[10]  The City objected, Walker and Cataldo moved to compel, and the magistrate

8    judge ordered the City to produce "all internal affairs documents regarding prior incidents involving

9    the use of force against dogs by NLVPD officers" for in camera review within one week.[11]  The City

10   moved to extend, explaining in an affidavit that it intends to produce "all internal affairs documents

11   regarding prior incidents involving the use of force against dogs by NLVPD officers from February

12   13, 2010, through February 13, 2015," but "it cannot be accomplished by the time allowed by the

13   Court."[12]  The magistrate judge granted the motion to extend and—a month later—the court granted

14   Walker and Cataldo's motion to compel.[13]

15           But when the City turned over its documents, they only spanned February 13, 2010, through

16   September 14, 2012, the date of Pinky and Blue's death.[14]  So, Walker and Cataldo filed another

17   motion to compel, which the magistrate judge granted—finding that the City had engaged in

18

19   [6] *Id.* at ¶¶ 24, 28.

20   [7] *Id.* at ¶ 30.

21
22   [8] *Id.* at ¶¶ 29–31.

23   [9] *See* ECF Nos. 89, 96.

24   [10] ECF No. 96 at 4.

25   [11] ECF No. 37.

26   [12] ECF No. 38 at 12, ¶ 4.

27   [13] *See* ECF No. 89 at 2.

28   [14] *Id.*

gamesmanship at best or, at worst, had attempted to mislead the court.[15]  The magistrate judge sanctioned the City under Rule 37 and ordered it to pay the Walker and Cataldo's attorney's fees incurred in prosecuting their motion to compel.[16]  The City timely objected to that ruling.[17]

### Discussion

A district judge may reconsider any pretrial order of a magistrate judge if it is "clearly erroneous or contrary to law."[18]  The clearly erroneous standard applies to a magistrate judge's findings of fact.[19]  "A finding is clearly erroneous when[,] although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[20]  A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure."[21]  The district judge "may affirm, reverse, or modify" the ruling made by the magistrate judge, or remand the ruling to the magistrate judge with instructions.[22]

The City argues that the magistrate judge's sanction order was clearly erroneous because the City mistakenly interpreted the order granting Walker and Cataldo's motion to compel.  Although the magistrate judge ordered the City to produce "all internal affairs documents regarding *prior* incidents involving the use of force against dogs by NLVPD officers" for in camera review, the City now claims that it understood this to mean all documents regarding incidents from February 13,

---

[15] *Id.* at 2, 7.

[16] *Id.* at 7; ECF No. 98.

[17] ECF No. 92.

[18] 28 U.S.C. § 636(b)(1)(A).

[19] *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 623 (1993).

[20] *Id.* at 622 (internal quotation marks and citation omitted).

[21] *Glob. Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, No. 3:11–cv–00793, 2012 WL 3884939, at *3 (D. Nev. Sept. 6, 2012).

[22] L.R. I.B. 3–2.

1   2010, through the date of Pinky and Blue's deaths in September 2012.[23]

2         Even if there were evidence to support the City's assertion that it actually misinterpreted the

3   magistrate judge's order, that would not render the magistrate judge's ruling clearly erroneous or

4   contrary to law.  But I need not rest my decision on that consideration because the City filed an

5   affidavit stating that it knew exactly what the order meant: that it had been ordered to produce

6   documents "regarding prior incidents involving the use of force against dogs by NLVPD officers

7   from February 13, 2010, through February 13, 2015"—not September 14, 2012.[24]  Thus, the City

8   could not have been confused about the scope of the order.

9                                    **Conclusion**

10        Accordingly, IT IS HEREBY ORDERED that Defendant City of North Las Vegas's

11  **objections [ECF No. 92] are OVERRULED**.

12        Dated this 2nd day of September, 2016

13                                    _____

14                                    Jennifer A. Dorsey
                                      United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27  [23] *See* ECF No. 92 at 3; ECF No. 97 at 2.

28  [24] ECF No. 38 at 12, ¶ 4.