UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THOMAS WALKER, et al., )
        Plaintiff(s), ) Case No. 2:14-cv-01475-JAD-NJK
vs. ) ORDER
CITY OF NORTH LAS VEGAS, et al., ) (Docket No. 116)
        Defendant(s). )

Pending before the Court is Non-Party City of Henderson's ("Henderson") motion to quash Plaintiffs' subpoena. Docket No. 116. Plaintiffs filed a response, and Henderson filed a reply. Docket Nos. 120, 124. The Court finds this motion properly resolved without oral argument. *See* Local Rule 78-1. For the reasons discussed below, Henderson's motion to quash, Docket No. 116, is hereby **GRANTED**.

I.     **BACKGROUND**

On September 11, 2014, Plaintiffs filed the instant action against the North Las Vegas Police Department and North Las Vegas Police Officers Paul Maalouf and Travis Snyder. Docket No. 1.[1] Plaintiffs allege, *inter alia*, that Officers Maalouf and Snyder shot and killed their two pet pit pull dogs while executing a search warrant on their property. Docket No. 88 at 5-6. On March 9, 2017, Plaintiffs served a subpoena to produce certain documents on the Custodian of Records for Henderson's Police Department. Docket No. 116 at 16-21. On March 23, 2017, Henderson filed

---

[1] The City of North Las Vegas was later added as a defendant. Docket No. 88.

the instant motion to quash subpoena. Docket No. 116.

**II.    ANALYSIS**

   i.    Meet and Confer

As a preliminary matter, Plaintiffs submit that the Court should deny Henderson's motion to quash because Henderson failed to meet and confer with them before filing it. Docket No. 120 at 4-5. Henderson submits that it was not required to meet and confer with Plaintiffs because, *inter alia*, Rule 45,[2] which governs subpoenas and motions to quash subpoenas, does not explicitly require a movant to do so. Docket No. 124 at 9. Even assuming, *arguendo*, that a meet and confer was required in this instance, "the Court ultimately retains discretion to decide discovery matters even where no proper meet and confer has been conducted." *Aevoe Corp. v. AE Tech Co., Ltd.*, 2013 WL 4714273, at *2 (D. Nev. Aug. 30, 2013) (citing *Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, at *6 (D. Nev. June 11, 2007)). The Court therefore exercises its discretion to address the merits of Henderson's motion to quash subpoena.

   ii.    Motion to Quash Subpoena

Rule 45 governs the issuance of subpoenas requiring non-parties to produce designated documents. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). A court must grant a timely motion to quash or modify a subpoena that fails to allow reasonable time to comply, requires a person to comply beyond the geographical limits specified in Rule 45(c), requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A). The movant seeking to quash a subpoena bears the burden of persuasion. *Green v. Baca*, 226 F.R.D. 624, 653 (C. D. Cal. 2005).

Whether a subpoena is unduly burdensome depends on the facts of each specific case. *Green*, 226 F.R.D. at 653. Additionally, "courts have incorporated relevance as a factor when determining motions to quash a subpoena, particularly when considering whether there is an undue burden." *Bird v. PSC Holdings I, LLC*, 2013 WL 12108107, at *1 (S. D. Cal. Nov. 20, 2013)

---

[2] Unless otherwise stated, references to "Rules" denote the Federal Rules of Civil Procedure.

(internal quotations and citation omitted). "'It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1).'" *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, at *4 (D. Nev. Nov. 22, 2013) (quoting *Painters Joint. Comm. v. Emp. Painters Tr. Health & Welfare Fund*, 2011 WL 4573349, at *5 (D. Nev. Sept. 29, 2011)). "Generally speaking, the Federal Rules allow parties to obtain discovery that is . . . relevant to a claim or defense of any party." *Paws Up Ranch, LLC*, 2013 WL 6194940, at *3 (internal citation omitted).

In this instance, Plaintiffs subpoenaed Henderson to produce:

1. Any and all police reports from 2010 to the present where Henderson Police Department Special Weapons and Tactics team served a search warrant and a dog or dogs were present at the location of the search warrant.

2. Any and all policies and procedures referencing the use of force against dogs and other animals by police officers in effect from 2010 to present.

3. Any and all training materials, and requirements for Henderson Police Department officers that reference use of force against dogs and other animals by police officers in effect from 2010 to present.

4. Any and all documents that list the number or frequency of incidents where police officers of the Henderson Police Department Special Weapons and Tactics team injured or killed an animal in effect from 2010 to present.

5. Any and all policies and procedures that reference when and if police officers will seek the assistance of animal control officer(s) in effect from 2010 to present.

Docket No. 116 at 47-48. Henderson submits that the requested documents are irrelevant to this action and that the request is unduly burdensome. *Id.* at 5-12. Plaintiffs respond that they are merely seeking records that would otherwise be available pursuant to Nevada's Public Records Act and that Henderson has failed to demonstrate that the documents are irrelevant or that the subpoena is unduly burdensome. Docket No. 120 at 5-11. In reply, Henderson emphasizes its position that the documents sought are irrelevant and that complying with the request would be unduly burdensome. Docket No. 124 at 2-9.

The Court agrees with Henderson. This entire case revolves around an alleged incident that involved the North Las Vegas Police Department, not the Henderson Police Department. *See, e.g.*,

Docket No. 88 at 5-6. Indeed, the only two references to the Henderson Police Department in Plaintiffs' second amended complaint involve entirely different incidents. *See id.* at 7. The Henderson Police Department's involvement in those incidents bears no relation to the instant action. Whether, as Plaintiffs submit, "neighboring municipalities" may have experienced "instances of police use of force against dogs," Docket No. 120 at 7, is simply irrelevant to whether this issue has affected the relevant municipality in this action, the City of North Las Vegas.[3]

Accordingly, the Court hereby **GRANTS** Henderson's motion to quash subpoena. Docket No. 116.

IT IS SO ORDERED.

DATED: April 17, 2017.

                                                NANCY J. KOPPE
                                                United States Magistrate Judge

---

[3] Plaintiffs' discovery request is also overbroad, as they request documents from 2010 to present, when the incident is alleged to have occurred in 2012. Docket No. 116 at 47-48; Docket No.124 at 4; Docket No. 88 at 5-6. The Court need not reach this issue, however, as the requested discovery from the Henderson Police Department is irrelevant to the instant case.

4