# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THOMAS WALKER, et al., )
        Plaintiff(s), ) Case No. 2:14-cv-01475-JAD-NJK
)
vs. ) ORDER
)
NORTH LAS VEGAS POLICE DEPARTMENT, ) (Docket No. 118)
et al., )
)
        Defendant(s). )
)

Pending before the Court is Non-Party Las Vegas Metropolitan Police Department's ("LVMPD") amended motion to quash Plaintiffs' subpoena. Docket No. 118. Plaintiffs filed a response, and LVMPD filed a reply. Docket Nos. 122, 129. The Court finds this motion properly resolved without oral argument. *See* Local Rule 78-1. For the reasons discussed below, LVMPD's amended motion to quash, Docket No. 118, is hereby **GRANTED**.

## I.    BACKGROUND

On September 11, 2014, Plaintiffs filed the instant action against the North Las Vegas Police Department and North Las Vegas Police Officers Paul Maalouf and Travis Snyder. Docket No. 1.[1] Plaintiffs allege, *inter alia*, that Officers Maalouf and Snyder shot and killed their two pet pit pull dogs while executing a search warrant on their property. Docket No. 88 at 5-6. On March 9, 2017, Plaintiffs served a subpoena to produce certain documents on LVMPD's Custodian of Records. Docket No. 118 at 10-13. On March 29, 2017, LVMPD filed the instant amended motion to quash

---

[1] The City of North Las Vegas was later added as a defendant. Docket No. 88.

subpoena.  Docket No. 118.

**II.     ANALYSIS**

    <u>i.     Meet and Confer</u>

As a preliminary matter, Plaintiffs submit that the Court should deny LVMPD's amended motion to quash because LVMPD failed to meet and confer with them before filing it. Docket No. 122 at 4-5. LVMPD submits that it was not required to do so. Docket No. 129 at 3-4. Even assuming, *arguendo*, that a meet and confer was required in this instance, "the Court ultimately retains discretion to decide discovery matters even where no proper meet and confer has been conducted." *Aevoe Corp. v. AE Tech Co., Ltd.*, 2013 WL 4714273, at *2 (D. Nev. Aug. 30, 2013) (citing *Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, at *6 (D. Nev. June 11, 2007)). The Court therefore exercises its discretion to address the merits of LVMPD's amended motion to quash subpoena.

    <u>ii.     Motion to Quash Subpoena</u>

Rule 45 governs the issuance of subpoenas requiring non-parties to produce designated documents. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). A court must grant a timely motion to quash or modify a subpoena that fails to allow reasonable time to comply, requires a person to comply beyond the geographical limits specified in Rule 45(c), requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A). The movant seeking to quash a subpoena bears the burden of persuasion. *Green v. Baca*, 226 F.R.D. 624, 653 (C. D. Cal. 2005) (internal quotations and citations omitted).

Whether a subpoena is unduly burdensome depends on the facts of each specific case. *Green*, 226 F.R.D. at 653 (internal quotations and citation omitted). Additionally, "courts have incorporated relevance as a factor when determining motions to quash a subpoena, particularly when considering whether there is an undue burden." *Bird v. PSC Holdings I, LLC*, 2013 WL 12108107, at *1 (S. D. Cal. Nov. 20, 2013) (internal quotations and citation omitted). "'It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery

allowed under Rule 26(b)(1).'" *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, at *4 (D. Nev. Nov. 22, 2013) (quoting *Painters Joint Comm. v. Emp. Painters Tr. Health & Welfare Fund*, 2011 WL 4573349, at *5 (D. Nev. Sept. 29, 2011)). "Generally speaking, the Federal Rules allow parties to obtain discovery that is . . . relevant to a claim or defense of any party." *Paws Up Ranch, LLC*, 2013 WL 6194940, at *3 (internal citation omitted).

In this instance, Plaintiffs subpoenaed LVMPD to produce:

> 1. Any and all police reports and search warrant plans from 2010 to the present where officers of the Las Vegas Metropolitan Police Department Special Weapons and Tactics team served a search warrant and a dog or dogs were present at the location of the search warrant.
>
> 2. Any and all policies and procedures referencing the use of force against dogs and other animals by police officers in effect from 2010 to present.
>
> 3. Any and all training materials, and requirements for Las Vegas Metropolitan Police Department officers that reference use of force against dogs and other animals by police officers in effect from 2010 to present.
>
> 4. Any and all documents that list the number or frequency of incidents where police officers of the Las Vegas Metropolitan Police Department Special Weapons and Tactics team injured or killed an animal in effect from 2010 to present.
>
> 5. Any and all policies and procedures that reference when and if police officers will seek the assistance of animal control officer(s) in effect from 2010 to present.

Docket No. 118 at 12-13. LVMPD submits that the information sought is irrelevant, overly broad, and unduly burdensome. *Id.* at 4-7. Plaintiffs respond that they are merely seeking records that would otherwise be available pursuant to Nevada's Public Records Act and that LVMPD has failed to demonstrate that the documents are irrelevant or that the subpoena is overbroad or poses an undue burden. Docket No. 122 at 5-11. In reply, LVMPD reiterates its position that Plaintiffs' demand is irrelevant, overly broad, and unduly burdeonsome. Docket No. 129 at 4-7.

The Court agrees with LVMPD. This entire case arises from an alleged incident that involved the North Las Vegas Police Department, not LVMPD. *See, e.g.*, Docket No. 88 at 5-6. Indeed, Plaintiffs' second amended complaint does not mention LVMPD at all. *See id.* Whether, as Plaintiffs submit, "neighboring municipalities" may have experienced "instances of police use of

force against dogs," Docket No. 122 at 7, is simply irrelevant to whether this issue has affected the relevant municipality in this action, the City of North Las Vegas.[2]

Accordingly, the Court hereby **GRANTS** LVMPD's amended motion to quash subpoena. Docket No. 118.

IT IS SO ORDERED.

DATED: April 27, 2017.

                                                NANCY J. KOPPE
                                                United States Magistrate Judge

---

[2] Plaintiffs' discovery request is also overbroad, as they request "any and all" police reports, search warrant plans, policies and procedures, training materials, and other documents from over a seven year time period. Docket No. 118 at 4-5, 12-13. The Court need not reach this issue, however, as the requested discovery from LVMPD is irrelevant to the instant case.

4