# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS WALKER, *et al.*, | |
| Plaintiff(s), | Case No. 2:14-cv-01475-JAD-NJK |
| vs. | ORDER |
| CITY OF NORTH LAS VEGAS, *et al.*, | (Docket No. 141) |
| Defendant(s). | |

Pending before the Court is Plaintiffs' motion for sanctions pursuant to Fed. R. Civ. P. 37(d). Docket No. 141. Defendants filed a response in opposition. Docket No. 144. Plaintiffs filed a reply. Docket No. 147.

**I. STANDARDS**

A. Fed. R. Civ. P. 30(b)(6) Depositions

Fed. R. Civ. P. 30(b)(6) provides for the deposition of a public or private corporation. It requires a written notice that states "with reasonable particularity the matters for examination." Fed R. Civ. P. 30(b)(1). Upon such notice, the served party is required to designate a witness and "prepare [him or her] to fully and unevasively answer questions about the designated subject matter." *Great Am. Ins. Co. of N.Y. v. Vegas Const. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008). As part of that requirement, the served party "must prepare [the] deponent[] by having [him or her] review prior fact witness deposition testimony as well as documents and deposition exhibits." *Id.* at

539.

### B. Fed. R. Civ. P. 37(b) and Fed. R. Civ. P. 37(d) Sanctions

Fed. R. Civ. P. 37(b)(2) provides for sanctions if a party's designated witness for a Fed. R. Civ. P. 30(b)(6) deposition fails to obey an order, such as failing to appear at a noticed deposition. While the 30(b)(6) witness may be physically present, it is well established that producing a 30(b)(6) witness who is not adequately prepared is "tantamount to a nonappearance." *Id.* at 543; *see also U.S. Bank, NA v. Recovery Servs. Nw., Inc.*, 2017 U.S. Dist. LEXIS 23900, *15 (D. Nev. Feb. 17, 2017). The Court may issue any of the sanctions provided by Fed. R. Civ. P. 37(b)(2)(A)(I)-(vi), as well as reasonable expenses caused by the failure to appear. Fed. R. Civ. P. 37(b)(2)(c).

Fed. R. Civ. P. 37(d)(3) provides for sanctions instead of or in addition to the sanctions provided by Fed. R. Civ. P. 37(b) if a 30(b)(6) witness fails to attend the deposition. It provides essentially the same sanctions that are provided by Fed. R. Civ. P. 37(b)(2)(c), mainly, reasonable expenses caused by the failure to appear. The Court has "great latitude" in fashioning sanctions pursuant to Fed. R. Civ. P. 37. *See Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

## II. ANALYSIS

### A. Plaintiffs' Request for Deposition Topics and Defendants' Untimely Objection

Topics 10, 11, and 12 of the deposition notice served on Defendant City of North Las Vegas requested the 30(b)(6) witness to be prepared to testify on the number and facts and circumstances of search warrant services where varying levels of force were used on dogs present during the execution of a search warrant. Docket No. 141-1 at 3. Plaintiffs submit Defendants' objection to the scope of the deposition topics during the deposition was untimely. Docket No. 141 at 5. In response, Defendants submit they do not object to the scope of these deposition topics. Docket No. 144-2 at 1; *see also* Docket No. 144 at 5. Defendants further submit that Officer Garcia "reviewed over a hundred search warrant plans from 2010 to 2015... [h]e reviewed prior deposition testimony regarding the noticed topics." Docket No. 144 at 2. Defendants contend that "there is no physical way to determine every search warrant service at which a dog may have been present because whether a dog is present at a search warrant service is not inherently tracked in any report." Docket No. 144-2 at 2.

The Court finds that Officer Garcia was prepared, and answered the questions as best he could with the information available. Defendants did not claim, and do not claim, that topics 10, 11, and 12 are overbroad. Therefore, Defendants have made no objection to these topics, timely or otherwise.

### B. Plaintiffs' Failure to Allow for Review

Defendants submit Plaintiffs' counsel should have permitted the 30(b)(6) witness to review the police report introduced by Plaintiffs' counsel at the deposition and return to the deposition. Docket No. 144 at 3. In reply, Plaintiffs submit that Defendants' offer for the witness to "interpret" the police report was insufficient because "interpreting" a police report during a deposition for the first time would not yield the facts and circumstances Plaintiffs sought. Docket Nos. 144 at 6, 147 at 5. Plaintiffs also submit that Defendants were aware of Plaintiffs' counsel's busy schedule as well as the approaching cut-off date for discovery and, therefore, an additional, last-minute deposition or extension of time was not possible. Docket No. 147 at 5-6.

"Rule 30(b)(6) is not designed to be a memory contest," especially if the witness is requested to prepare to testify as to hundreds of specific occurrences at which he or she may not have been present. *Elan Microelectronics Corp. v. Pixcir Microelectronics Co. Ltd.*, 2013 U.S. Dist. LEXIS 114164, at \*14-15 (D. Nev. Aug. 7, 2013) (quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 150 (S.D.N.Y. 1994). *See generally West v. Jewelry Innovations, Inc.*, 2008 U.S. Dist. LEXIS 119138 (N.D. Cal. Feb. 25, 2008) (quoting *U.S. ex rel Fago v. M&T Mortgage Corp.*, 235 F.R.D. 11, 25 (D. D.C. March 31, 2006) ("Although Rule 30(b)(6) requires a designated witness to thoroughly educate him or herself on the noticed topic, there must be a limit to the specificity of the information the deponent can reasonably be expected to provide"). *See also* Docket No. 144-1 at 11. Subsequent to reviewing hundreds of reports and related documents prior to a deposition, review of particular documents at a deposition to refresh the witness' memory as to a specific occurrence may be necessary. *See BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, 2009 U.S. Dist. LEXIS 111569, at \* 11-12 (E.D. Cal. Nov. 17, 2009) (interpreting Fed. R. Evid. 612(a)(2) to permit the witness' memory to be refreshed during a deposition); *see also Rambus Inc. v. Samsung Elecs. Co.*, 2008 U.S. Dist. LEXIS 54196, at \*14 (N.D. Cal. July 16, 2008) (requiring for purposes

of fairness and conducting a meaningful deposition that the attorney conducting the deposition be able to "refresh witnesses' memories with contemporaneous documents"); *accord Laxalt v. McClatchy*, 116 F.R.D. 438, 454 (D. Nev. 1987) (interpreting Fed. R. Evid. 612(a)(2) to permit the witness' memory to be refreshed during a deposition).

The Court is aware of the time it would require to review a large volume of police reports during a deposition. *See Mir v. Kirchmeyer*, 2016 U.S. Dist. LEXIS 83279, at *8 (D. Nev. June 27, 2016) (recognizing that although additional time is needed to review documents during a deposition to refresh a witness' memory, the attorney conducting the deposition could have provided the witness an opportunity to review available documents and "could have sought leave for additional time to complete the deposition if it had become necessary").

Therefore, the Court finds Plaintiffs' counsel should have permitted the witness to review the police report about which he was being questioned, in the spirit of cooperation and for purposes of forming the record pertaining to that police report. Fed. R. Civ. P. 1 (requiring the cooperation of parties by securing "the just, speedy, and inexpensive determination of every action and proceeding").

C. Sanctions

Plaintiffs request the Court to impose various Fed. R. Civ. P. 37 sanctions on Defendants: reasonable expenses and monetary sanctions, including attorneys' fees, caused by Defendants' failure to prepare Officer Garcia and prohibiting Defendants "from opposing Plaintiffs' Fourth Amendment and *Monell* claims, or from introducing information or testimony related to Topics 10, 11, and 12 in evidence." Docket No. 141 at 11. In response, Defendants submit that not only was Officer Garcia prepared to testify at the deposition, but that Plaintiffs' refusal to continue the deposition after Officer Garcia reviewed the police report bars Plaintiffs from seeking sanctions. Docket No. 144 at 8. In reply, Plaintiffs submit the multiple opportunities Defendants had to object to the scope of the deposition topics. Docket No. 147 at 7.

Plaintiffs also request time to conduct a second 30(b)(6) deposition on topics 10, 11, and 12. Docket No. 141 at 11. In response, Defendants submit that they have offered to "make Officer Garcia available again" for questions. Docket No. 144-2 at 3. Therefore, as the Court has found that

the witness was prepared, the Court finds that sanctions are not appropriate. Instead, the Court finds that the parties have agreed to a second 30(b)(6) deposition.

### III. CONCLUSION

The Court is not in favor of issuing any sanctions, monetary or otherwise. For these reasons, Plaintiffs' motion for sanctions is hereby **GRANTED** as to the parties' agreement to conduct a second 30(b)(6) deposition, **DENIED** in all other respects. Docket No. 141. The Court **ORDERS** the parties to schedule and hold a half-day 30(b)(6) deposition no later than November 3, 2017. To ensure the deposition is productive, Plaintiffs shall provide Defendants with a list of reports and documents for review prior to the deposition. The deposition shall be limited to questions that were not answered during Officer Garcia's deposition on May 25, 2017; mainly, the facts and circumstances surrounding the search warrants discussed in topics 10, 11, and 12 from the third amended deposition notice. Docket No. 141-2 at 3.

**IT IS SO ORDERED.**

DATED: October 5, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge